EX PARTE FLORENTINO SALCIDO.

No. 24356. March 16, 1949.

*Hudson & Tomlin,* Pecos, for relator.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By the Act of 1931 regulating the operation of motor ve-hicles over the highways of this state and appearing as Art. 827a, Vernon's Penal Code, the size, weight, and load of ve-hicles authorized to be operated over the highways of this state were expressly limited. It is unlawful to operate vehicles in excess of the limitations imposed.

To the State Highway Department was delegated the power and authority to issue special permits authorizing the operation of vehicles in excess of the limitations imposed, when, in the opinion of that department, material damage to the highways would not be occasioned thereby. The form of the application for permit, as well as the conditions upon which permits were to be issued, was set forth in Art. 6701a, Vernon's Annotated Civil Statutes.

On December 5, 1948, the highway department, acting through its district engineer, issued a permit, No. 308634, au-thorizing the B. B. B. Company, of Pecos, Texas, to transport by motor vehicle a house from Marfa to Pecos, Texas, a dis-tance of approximately one hundred miles. The width, height, and length of the load and equipment exceeded that allowed by law. The permit was subject to the following conditions, viz.: "Daylight haul only. Must not take over half the pavement. Caution shall be exercised to prevent damage to all overhead obstructions. Must have flagman in front and back of load."

A complaint was filed in the justice court of Jeff Davis County, Texas, alleging—after omitting the formal portions—

that on the 5th day of December, 1948, relator, Florentino Salcido, did unlawfully and wilfully "violate the terms and conditions of hauling permit No. 308634, as provided by Article 827-A of the Penal Code, Section 2, and Section 15 (a) prescribing the penalty, by not having proper flagmen, and by permitting the load of said equipment to extend over center of pavement, said permit being issued, as prescribed by law, by authority of the Texas State Highway Department."

Upon trial in the justice court, a conviction resulted, from which an appeal was taken to the county court, where accused was again convicted and his punishment fixed at a fine of $20.

Under a capias issued on said judgment, relator was taken into custody by the sheriff of Jeff Davis County.

Relator's conviction and his resultant arrest is predicated upon the proposition that in operating a motor vehicle over the public highway of size and dimensions in excess of that allowed by law, he failed to comply with the terms of a permit authorizing the operation of such vehicle.

Relator presented to this court his application for the writ of habeas corpus, asserting that such conviction is void because (a) there exists no valid statute in this state denouncing as an offense the acts charged against him and (b) if there be such a statute, it is void and violative of Art. 2, Sec. 1, of the Constitution of this state prohibiting the delegation of legislative power.

Under such allegations we granted the writ and ordered relator released upon bail, pending final determination.

It will be noted that Art. 6701a, supra, passed in 1929, was in effect at the time of the enactment of Art. 827a, Vernon's P. C. in 1931.

The two statutes, construed together, furnished the legislative authority for the highway commission to grant exceptions, by the issuance of special permits, to the law prohibiting the operation over the highways of motor vehicles in excess of the limited weight and size. This delegation of power has been held valid, as against the contention that it was an unwarranted delegation of legislative power. Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167.

The practical and working effect of a permit to operate a vehicle of oversize and weight is to furnish a defense to a prosecution for unlawfully operating such a vehicle. Its legal effect is to provide an exception to the operation of the statute.

As thus construed, the failure to comply with the terms or conditions of the permit is not, of itself, unlawful, but such failure has the effect of destroying the defense that would have been otherwise accorded by the permit.

From what has been said, it is apparent that the acts for which relator has been convicted are not unlawful.

Such conclusion precludes a determination of the second question presented.

It is ordered that relator be discharged from custody.

Opinion approved by the Court.